**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GRAY MEDIA GROUP, Inc.,

     Plaintiff,

v.

Multimedia KSDK, LLC and TEGNA, Inc.,

     Defendants

Case No. 23-1163

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Gray Media Group, Inc. ("Gray"), for its Complaint against Defendants Multimedia KSDK, LLC ("KSDK") and TEGNA, Inc. ("TEGNA," and together with KSDK, "Defendants"), alleges as follows:

## INTRODUCTION

1.     This is an action to stop Defendants from continuing to misappropriate the valuable goodwill of Gray, which owns and operates the KMOV news station in the Greater St. Louis Metro area.

2.     Gray has registered the FIRST ALERT WEATHER mark and uses it in multiple television markets nationwide. Over decades, Gray has worked countless hours and spent millions of dollars building goodwill in the minds of consumers in this mark.

3.     As a result of Gray's efforts, including its continuous and exclusive use of the FIRST ALERT WEATHER mark, consumers have come to associate the mark with high-quality, reliable weather reporting.

4.     For this reason, Gray rolled out its use of the mark in the Greater St. Louis Metro

area in August 2022.

5.      Two months later, Defendants began using a copycat mark: WEATHER FIRST
ALERT.

6.      In so doing, Defendants have carefully set themselves up to unfairly trade off of
Gray's goodwill.

## PARTIES

7.      Plaintiff Gray is a Delaware corporation with its principal place of business at 4370
Peachtree Road, NE, Suite 400, Atlanta, GA, 30319. Gray owns KMOV, which is the local
television channel 4 in the St. Louis market and is in the business of reporting local, national, and
global news and weather to keep the public informed. Its daily television broadcasts, webpage, and
social media pages also report on the weather. Since its inception in 1954, KMOV has developed
a significant customer base and even greater goodwill, largely due to its proactive, dependable
weather reporting.

8.      Defendant KSDK is a South Carolina company with its principal place of business
at 7950 Jones Branch Drive, McLean, VA 22107. KSDK is also in the business of reporting local,
national, and global news, including weather reporting. Defendant KSDK competes directly with
KMOV in the St. Louis market.

9.      Defendant TEGNA is a Delaware company with its principal place of business at
8350 Broad St., Suite 2000, McLean, VA, 22102. TEGNA owns KSDK and competes directly
with Gray-owned stations around the country.

10.     TEGNA is aware of Gray's rights and has even licensed the FIRST ALERT
WEATHER mark *from* Gray in different markets—including in the St. Louis market.  KSDK
decided not to renew its license for use of the mark in this market in 2015.

2

## JURISDICTION AND VENUE

11.     This is an action for trademark infringement and unfair competition arising under

the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended (the "Lanham Act"); for

trademark infringement under the Missouri trademark statutes, Mo. Rev. Stat. § 417.005 et seq.;

and for common law unfair competition under the laws of the State of Missouri.

12.     The Court has subject matter jurisdiction over the instant matter under 15 U.S.C.

§ 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.

13.     This Court has personal jurisdiction over Defendants because Defendants'

wrongful acts described herein include acts committed in this District and because Defendant

KSDK does business and resides in the State of Missouri in this District.

14.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are

subject to personal jurisdiction in this judicial district, and this is the District in which events giving

rise to the claims hereinafter set forth occurred.

## ALLEGATIONS COMMMON TO ALL CLAIMS

**Plaintiff's Long and Continuous Use Has Established
Strong Trademark Rights in the FIRST ALERT WEATHER Mark**

15.     In 2005, Gray (through its predecessor in interest Raycom Media, Inc. ("Raycom"))

first began using the FIRST ALERT WEATHER mark.

16.     It filed a trademark application for this mark in August 2006, and the mark was

registered on September 11, 2007, under Registration Number 3,290,987.  *See* Exhibit A,

Trademark Registration; Exhibit B, USPTO Registration Information.

17.     The FIRST ALERT WEATHER mark has been prominently and repeatedly

featured on Gray's weather broadcasts, websites, social media accounts, radio spots, vehicles, and

various other marketing materials.

18.     As a result of Gray's widespread use and promotion of the FIRST ALERT WEATHER mark in conjunction with its superior services, the mark has acquired a strong and favorable public recognition and secondary meaning identifying Gray as the preeminent source for reliable weather reporting nationwide.

**Defendants' Pattern of Trademark Infringement and Unfair Competition**

19.     Rather than compete fairly on their own merit, Defendants have engaged in a blatant pattern of willful, deliberate infringement in order to wrongfully benefit from the goodwill that Gray has built up in connection with the FIRST ALERT WEATHER mark.

20.     KMOV rolled out the FIRST ALERT WEATHER mark in the Greater St. Louis metro area in Missouri and Illinois in August 2022.




21.	KMOV began using the FIRST ALERT WEATHER logo:



22.	On October 18, 2022, KSDK suddenly debuted a new weather brand, which utilizes "Weather First" in connection with the term "Alert" (such as "Alert Day," "Storm Alert," or "Weather Alert"):



23.    It began routinely using a new "Weather First" logo in connection with the word "Alert" in text and in graphics like those above, as well as the following:





24.    Prior to that time, KSDK had used the "5 on Your Side Weather" brand, in reference to playing on local television channel 5.

25.    On information and belief, Defendants began using the "Weather First Alert" brand at least in part so that they could profit from the goodwill built by Gray over many years.

26.    Since Defendants' infringing conduct began late last year, Gray has requested that

6

Defendants terminate their infringement and have unsuccessfully attempted to negotiate a co-existence agreement between the parties.

27.     As recently as July 29, 2023, Defendants' infringing conduct included verbatim use of Gray's FIRST ALERT WEATHER mark, using it in a push alert and in an online article:

 

28.     Through their repeated unauthorized uses of the FIRST ALERT WEATHER mark and confusingly similar marks, Defendants are misappropriating the goodwill inherent in the FIRST ALERT WEATHER mark and causing damages to Gray.

7

## COUNT 1: TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

29.     Gray re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

30.     Gray owns all rights in the registered FIRST ALERT WEATHER mark, which was assigned to Gray by its predecessor Raycom.  *See* Exhibits A & B.

31.     Gray and Defendants are direct competitors in the business of reporting local, national, and global news, such as weather reporting—including within the St. Louis Metro area.

32.     Defendants have used and are using in commerce marks that are identical or confusingly similar to the FIRST ALERT WEATHER registered mark.

33.     Defendants' actions are likely to cause confusion, cause mistake, or deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Upon information and belief, Defendants' actions have been undertaken with an intentional, willful, or malicious intent to trade upon the goodwill of Gray's registered mark, with reckless disregard for Gray's rights, with bad faith, and with intent to injure Gray and deceive the public.

35.     Defendants' actions, as alleged above, have caused, and will continue to cause damages to Gray.

36.     Unless this Court enjoins Gray's actions, Gray will suffer irreparable harm to its business reputation and goodwill as a direct result of Defendants' actions.

37.     Because of Defendants' unlawful actions, Gray is entitled to injunctive relief, an account for profits, damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.  Gray is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

## COUNT 2: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)) (All Defendants)

38.     Gray re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

39.     Gray owns all rights in the FIRST ALERT WEATHER mark.  The FIRST ALERT WEATHER mark has acquired distinctiveness in the minds of the consuming public as an identifier of the services provided by Gray.

40.     Defendants' foregoing uses of FIRST ALERT WEATHER and confusingly similar marks constitute uses in commerce.

41.     Defendants' foregoing uses of FIRST ALERT WEATHER and confusingly similar marks have created and will continue to create a likelihood of confusion, deception or mistake on the part of the consuming public with regard to Defendants' affiliation with Gray and its superior weather coverage.

42.     Defendants' actions described herein, which Defendants have performed in competition with Gray, have been willful and intentional, with knowledge of their wrongful nature.

43.     By reason of the foregoing, Defendants have been unjustly enriched and Gray has been injured and damaged in an amount to be determined.

44.     Unless the foregoing alleged actions of Defendants are enjoined, Gray will continue to suffer irreparable damage, for which it has no adequate remedy at law.

45.     Because of Defendants' unlawful actions, Gray is entitled to injunctive relief, an account for profits, damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.  Gray is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

## COUNT 3: MISSOURI COMMON LAW TRADEMARK INFRINGEMENT
### (All Defendants)

46.     Gray re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

47.     Gray is the owner of all rights, title, and interest in the FIRST ALERT WEATHER mark.

48.     The FIRST ALERT WEATHER mark is valid and protectible at common law and has acquired distinctiveness in the minds of the consuming public.

49.     Defendants' actions have not been authorized by Gray and are likely to cause confusion or mistake as to the source or origin of Defendants' services, as well as Defendants' affiliation with Gray.

50.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with Gray's mark.

51.     Gray is being and will continue to be damaged by Defendants' actions because they are resulting in and, unless enjoined by the Court, will continue to result in confusion among the relevant public and the trade.

52.     Because of Defendants' actions, Gray has suffered and will suffer damage to its business reputation and goodwill.

53.     Defendants' actions are in violation of Missouri common law, and Gray has no adequate remedy at law.

54.     Because of Defendants' actions, Gray is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees.

## COUNT 4: DILUTION
### (Mo. Rev. Stat. §417.061) (All Defendants)

55.     Gray re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

56.     Gray owns and enjoys common law rights in Missouri to the mark FIRST ALERT WEATHER, which has acquired distinctiveness in the minds of the consuming public.

57.     Defendants' unauthorized and deceptive use of FIRST ALERT WEATHER and confusingly similar marks blurs and erodes the public's exclusive identification of FIRST ALERT WEATHER with Gray and tarnishes the positive associations of Gray's mark.

58.     Defendants' unauthorized and deceptive use of Gray's marks is likely to cause injury to Gray's business reputation and dilute the distinctiveness of Gray's marks unless the Court enjoins Defendants' unlawful activity.

59.     Gray has no adequate remedy at law and is entitled to injunctive relief, in addition to any monetary damages that become ascertainable.

## COUNT 5: COMMON LAW UNFAIR COMPETITION
### (All Defendants)

60.     Gray re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

61.     Defendants' unauthorized use of FIRST ALERT WEATHER and confusingly similar marks has created a likelihood of confusion and a deception of the consuming public.

62.     Defendants' conduct deceives consumers by passing off Defendants' services as those of Gray's, a form of "commercial hitchhiking" constituting unfair competition in violation of the common law of Missouri.

63.     Defendants' actions described herein, which Defendants have performed in

11

competition with Gray, have been willful and intentional, with knowledge of their wrongful nature.

64.      By reason of the foregoing, Defendants have been unjustly enriched and Gray has been injured and damaged in an amount to be determined.

65.      Unless the foregoing alleged actions of Defendants are enjoined, Gray will continue to suffer irreparable damage, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gray prays that this Court enter judgment in its favor and against Defendants as follows:

A. A permanent injunction enjoining and restraining Defendants, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them:

  i.      From using, in connection with the promotion, advertising (including, but not limited to, any pay-per-click campaigns), offering, or sale of their services and products, the FIRST ALERT WEATHER mark or any other designation that is confusingly similar to the FIRST ALERT WEATHER mark, including WEATHER FIRST, that is likely to cause confusion with the FIRST ALERT WEATHER mark, or dilutes or is likely to dilute the FIRST ALERT WEATHER mark;

  ii.      From otherwise competing unfairly with Gray in any manner including (1) adopting or infringing upon the FIRST ALERT WEATHER mark, or (2) adopting or using any other marks or designations that are confusingly similar to the FIRST ALERT WEATHER mark: and

  iii.      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

12

B.  That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, forms (including, but not limited to, invoices) labels and any other materials in their possession, custody or control (including all Internet electronic materials) that use a mark identical or confusingly similar to the FIRST ALERT WEATHER mark;

C.  That this Court order Defendants to file with this Court and to serve upon Gray a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any permanent injunction resulting from this matter within thirty days after entry to that permanent injunction;

D.  An award of monetary damages sufficient to compensate Gray for the injuries suffered as a result of Defendants' wrongful conduct;

E.  An award of actual damages and Gray's profits and unjust enrichment realized from their infringement and other wrongful conduct;

F.  An order finding this case exceptional and that Defendants' wrongful activity has been willful, and awarding treble damages and attorneys' fees to Gray pursuant to 15 U.S.C. § 1117;

G.  An award to Gray of pre- and post-judgment interest, costs, and reasonable attorneys' fees expended in this action; and

H.  An award of such other and further relief as the Court deems just and proper.

Dated: September 15, 2023

Respectfully submitted,


By: */s/ Jeffrey L. Schultz*
  William Ray Price, Jr. (29142MO)
  Jeffrey L. Schultz (56553MO)
  Angela B. Kennedy (69167MO)
  Abigail L. Twenter (69397MO)
  ARMSTRONG TEASDALE LLP
  7700 Forsyth Blvd., Suite 1800
  St. Louis, Missouri 63105
  (314) 621-5070 (telephone)
  (314) 621-5065 (facsimile)
  wprice@atllp.com
  jschultz@atllp.com
  akennedy@atllp.com
  atwenter@atllp.com

  *Attorneys for Plaintiff*

14