# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GRAY MEDIA GROUP, INC., ) ) *Plaintiff*, ) ) v. ) ) MULTIMEDIA KSDK, LLC, ) ) *Defendant*. ) ) ) | Civ Action No. 4:23-CV-1163-NCC  JURY TRIAL DEMANDED |

## DEFENDANT MULTIMEDIA KSDK, LLC'S
## ANSWER AND ADDITIONAL DEFENSES

Defendant Multimedia KSDK, LLC (Defendant) states as follows for its Answer and Additional Defenses to Plaintiff Gray Media Group, Inc.'s (Gray) Complaint:

1. Defendant admits Gray filed this action, which asserts claims of trademark infringement. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies Gray applied to register the mark FIRST ALERT WEATHER with the United States Patent and Trademark Office. Defendant is without knowledge or information concerning the remaining allegations in Paragraph 2 and therefore denies same.

3. Defendant is without knowledge or information concerning the allegations in Paragraph 3 and therefore denies same.

4. Defendant is without knowledge or information concerning the allegations in Paragraph 4 and therefore denies same.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

## PARTIES

7. Defendant admits that Gray purports to be a Delaware corporation with a principal place of business in Atlanta, Georgia. Defendant also admits Gray purports to own KMOV, a St. Louis-area television channel in the business of providing local, national, and global news and weather reporting. Defendant is without knowledge or information concerning the remaining allegations in Paragraph 7 and therefore denies same.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits TEGNA is a Delaware company with a principal place of at 8350 Broad St., Suite 2000, Tysons, Virginia 22102. Defendant also admits it is a wholly owned subsidiary of TEGNA. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that it previously licensed the FIRST ALERT WEATHER mark. Defendant denies the remaining allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Complaint assets a legal conclusion to which no response is required. To the extent that a response is required for this paragraph, Defendant admits that this Complaint purports to be brought under the Lanham

Act, Missouri trademark statutes, and common law.

12. Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required. Defendant does not challenge subject matter jurisdiction in this case.

13. Paragraph 13 of the Complaint asserts a legal conclusion to which no response is required. Defendant does not challenge the Court's personal jurisdiction over it in this case.

14. Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required. Defendant does not challenge venue in this case.

## COMMON ALLEGATIONS

15. Defendant is without knowledge or information concerning the allegations in Paragraph 15 and therefore denies same.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 and observes Gray alleges elsewhere in the Complaint that it began using the FIRST ALERT WEATHER mark in this market approximately a year ago.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant is without knowledge or information concerning the allegations in Paragraph 20 and therefore denies same.

21. Defendant admits that KMOV has used the logo depicted in Paragraph 21 of the Complaint.

22. Defendant admits Paragraph 22 accurately depicts a Tweet sent by KSDK personnel on or about October 18, 2022. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that it uses WEATHER FIRST and "Alert" at times during newscasts and that the images depicted in Paragraph 23 are from newscasts on KSDK. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that it previously used the mark 5 ON YOUR SIDE WEATHER. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant admits that it was contacted by Gray, that it has negotiated in good faith with Gray concerning the dispute, and negotiations have thus far been unsuccessful. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits that its personnel published the alert and article depicted in this paragraph. Defendant otherwise denies the remaining allegations of Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

## COUNT 1: TRADEMARK INFRINGEMENT

29. Defendant repeats and realleges its preceding responses to the allegations as if fully set forth herein.

30. Defendant is without knowledge or information concerning the allegations in Paragraph 30 and therefore denies same.

31. Defendant admits that Gray and TEGNA are competitors and compete

with each other in various markets. Defendant admits that it competes with KMOV in the St. Louis Metro area. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

### COUNT 2: FEDERAL UNFAIR COMPETITION

38. Defendant repeats and realleges its preceding responses to the allegations as if fully set forth herein.

39. Defendant is without knowledge or information concerning the allegations in Paragraph 39 and therefore denies same.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

### COUNT 3: MISSOURI COMMON LAW TRADEMARK INFRINGEMENT

46. Defendant repeats and realleges its preceding responses to the

allegations as if fully set forth herein.

47. Defendant is without knowledge or information concerning the allegations in Paragraph 47 and therefore denies same.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

### COUNT 4: DILUTION UNDER MISSOURI STATE LAW

55. Defendant repeats and realleges its preceding responses to the allegations as if fully set forth herein.

56. Defendant is without knowledge or information concerning the allegations in Paragraph 56 and therefore denies same.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

### COUNT 5: COMMON LAW UNFAIR COMPETITION

60. Defendant repeats and realleges its preceding responses to the allegations as if fully set forth herein.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## ADDITIONAL DEFENSES

1. Gray's asserted FIRST ALERT WEATHER mark has not become distinctive of Gray's goods in interstate commerce.

2. Gray has not developed secondary meaning in the asserted FIRST ALERT WEATHER mark.

3. Each count of Gray's Complaint failed to state a claim upon which relief can be granted.

4. Gray is barred from receiving the equitable relief it seeks because of detrimental reliance, unclean hands, estoppel, and laches.

5. At all times alleged by Gray in the Complaint, Defendant's actions constituted fair business competition.

6. Gray failed to mitigate its alleged damages, such that Defendant's liability, if any, for Gray's damages, if any, should be diminished to the extent of Gray's failure to mitigate.

7. Some or all of Gray's claims are barred by the doctrine of fair use.

8. Some or all of Gray's claims are barred because Defendant did not use "Alert" as a trademark.

9. On information and belief, Gray and its predecessors in interest to the

7

asserted FIRST ALERT WEATHER mark engaged in naked licensing by their failure to exercise adequate quality control over their licensees and thereby have abandoned the FIRST ALERT WEATHER mark.

10. Gray's claims fail because there is no likelihood of confusion between Defendant's use of WEATHER FIRST and Gray's alleged FIRST ALERT WEATHER mark.

11. Gray's claims fail because there is no likelihood of dilution of Gray's asserted FIRST ALERT WEATHER mark by Defendant's use of WEATHER FIRST.

12. Gray's claims fail because Gray has not been damaged by Defendant's use of WEATHER FIRST during its telecasts.

13. Defendant's use of WEATHER FIRST during its telecasts is sufficiently distinct from Gray's alleged FIRST ALERT WEATHER mark so as to avoid confusion, deception or mistake as to the source or sponsorship or association of Gray's goods and services.

14. On information and belief, Gray's asserted FIRST ALERT WEATHER mark already co-exists with numerous similar third-party marks. To the extent that Gray's FIRST ALERT WEATHER mark co-exists with such third-party marks, the consuming public will readily differentiate between the asserted FIRST ALERT WEATHER mark and Defendant's use of WEATHER FIRST without any likelihood of confusion.

15. Gray's FIRST ALERT WEATHER mark is weak and not entitled to a wide scope of protection because of the extensive third-party use.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that judgment be entered in their favor and against Gray Media Group, Inc. with the following relief:

A. Judgment be entered against Plaintiff Gray Media Group, Inc. dismissing its Complaint with prejudice and declaring that Defendant has not diluted or infringed Gray's mark;

B. Finding and declaring that the defense of this case by Defendant was exceptional, entitling it to its reasonable attorneys' fees;

C. Award costs pursuant to 15 U.S.C. § 1117(a); and

D. Award Defendant such other legal and equitable relief, including attorney's fees and costs, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury of all issues triable of right by a jury.

Date: November 2, 2023                              Respectfully submitted,

HILGERS GRABEN PLLC

By: /s/ Jonathan Musch
Jonathan Musch
Missouri Bar No. 52200
6 Cardinal Way, Suite 900
St. Louis, MO 63102
(O) 314-464-3391
(M) 618-806-2836
jmusch@hilgersgraben.com

*Attorneys for Defendants*

**<u>Certificate of Service</u>**

  I hereby certify that a true copy of the foregoing was served by electronic notice via the Court's ECF system on all counsel of record on November 2, 2023.

                /s/ Jonathan Musch